IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MALCOM TURNER BOOKER, JR., § § *Petitioner*, § § v. § § NATHANIEL QUARTERMAN, § § *Respondent*. § | Civil Action No. H-08-0653 |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging the decreased frequency of his parole review hearings. Respondent filed a motion for summary judgment (Docket Entry No. 22), to which petitioner responded. (Docket Entry No. 24.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the reasons that follow.

### I. Background and Claims

Petitioner was convicted of aggravated sexual assault of a child in 1985 and sentenced to life imprisonment. The Texas Court of Criminal Appeals denied his state habeas challenges to the conviction in 1986, and petitioner reports taking no other post-conviction action regarding his conviction or the execution of his sentence. (Docket Entry No. 1, pp. 3-4.)

Petitioner filed the instant federal habeas petition on February 26, 2008, raising the following claims:

1. Petitioner was denied due process when he was twice denied parole for the same unchanging reasons;

2. 1996 revisions to state parole laws constituted an *ex post facto* violation by changing petitioner's parole review hearings from annual reviews to reviews once every three years; and

3. Petitioner was denied his protected liberty interest in parole.

Respondent moves for summary judgment dismissal of these claims, and argues that the claims are unexhausted, barred by limitations, and without merit.

Petitioner's response in opposition to the motion for summary judgment, in its totality and *verbatim*, is as follows:

> NOW COMES, PETITIONER, MALCOM T. BOOKER, IN THE ABOVE STYLED AND NUMBERED CAUSE AND WOULD SUBMIT TO THIS HONORABLE COURT THAT THE STATES REQUEST FOR SUMMARY JUDGEMENT IS NOT WARRANTED, OR WOULD IT BE JUST, IN THIS CAUSE.
>
> PETITIONER ASSERTS THAT THE STATES 'MOTION FOR SUMMARY JUDGMENT' SHOULD BE DISMISSED, ENTIRELY . . . . IT IS AN ATTEMPT TO MISLEAD THIS COURT.
>
> PETITIONER ASSERTS THAT THERE IS AN ABSENCE OF AVAILABLE STATE CORRECTIVE MEASURES OR PROCESS DEALING WITH PAROLE MATTERS . . . . THE STATE PAROLE BOARD HAS TOTAL DISCREATION (sic) IN PAROLE MATTERS WITH NO CHECKS AND BALANCES, WHATSOEVER.

(Docket Entry No. 24, original ellipses and capitalization).

## II. Failure to Exhaust

Respondent argues that, because petitioner did not raise these pending issues in an application for state habeas relief, the issues are unexhausted and should be dismissed.

Under 28 U.S.C. § 2254(b),

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Prior to seeking federal habeas relief in the instant proceeding, petitioner was obligated to seek state habeas relief regarding his instant claims. The record does not show that petitioner sought such relief, and respondent correctly asserts that petitioner's claims are unexhausted and subject to dismissal for failure to exhaust. Petitioner's conclusory allegation of an absence of an available state corrective process is legally and factually unsupported, and is insufficient to raise a material fact issue precluding summary judgment dismissal of the claims.

Although this Court may not grant petitioner habeas corpus relief on his unexhausted grounds, it may deny relief on his claims notwithstanding the failure to exhaust. 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii); § 2254(b)(2). For the reasons set out below, habeas relief will be denied, notwithstanding petitioner's failure to exhaust.

### III. No Protected Liberty Interest in Parole

Petitioner's due process challenges to the frequency of his parole review hearings and the reasons given for his denial of parole are without merit. The federal due process clause is invoked only where state procedures imperil a protected liberty or property interest. *Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983). Texas law does not create a liberty interest in parole that is protected by the federal due process clause, and Texas state inmates have no constitutional expectancy of release on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). It is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) due process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Petitioner's due process claims regarding his parole review hearings and denials to parole release raise no cognizable grounds for federal habeas relief. Respondent is entitled to summary judgment dismissal of the claims.

## IV. Bar by Limitations

Respondent further argues that petitioner's challenges to the frequency of his parole review hearings are barred by limitations. This habeas petition is governed by the one-year period of limitations provided in 28 U.S.C. § 2244(d)(1), as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2). In this instance, limitations commenced on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*, § 2244(d)(1)(D). Respondent correctly argues that, under

5

this provision, petitioner's one-year limitation commenced no later than the first parole review hearing in which the three-year set off was applied by the Texas Board of Pardons and Paroles (the "Board").

Petitioner's pleadings show that, by November 2004, he was aware that his next parole review hearing had been set off for three years, to 2007. At that point, he knew, or could have discovered through the exercise of due diligence, the factual predicate of his due process and *ex post facto* claims. As petitioner filed no ensuing state administrative or habeas proceedings, no tolling provision applies, and limitations expired in November 2005. The record does not reveal any other grounds for tolling of limitations.

Petitioner presents no probative summary judgment evidence raising a genuine issue of material fact precluding summary judgment based on limitations. Respondent is entitled to summary dismissal of petitioner's claims.

## V. *Ex Post Facto* Violations

Even if petitioner's *ex post facto* claims were not barred by limitations, they are without merit. Insofar as petitioner complains about the retroactive application of new parole policies, although there is no constitutionally protected liberty interest in parole in Texas for purposes of due process, an *ex post facto* challenge does not turn on the existence of a liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). One function of the *ex post facto* clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission. *Garner v. Jones*, 529 U.S. 244, 249 (2000). Retroactive changes

6

to parole laws may, in some cases, violate this precept. *Id.* at 250. The proper inquiry in parole cases is whether the retroactive change in law creates a sufficient risk of increasing the measure of punishment attached to the covered crimes. *Id.*

The changes in Texas parole rules and policies regarding the frequency of parole review hearings do not violate the *ex post facto* clause because they do not create a sufficient risk of increasing the length of petitioner's sentence. In evaluating an alleged violation of the *ex post facto* doctrine, a court must analyze the level of risk that an inmate's prison stay will be longer because of a change in the law that applies retroactively. *See Garner*, 529 U.S. at 255. However, a new procedure that creates only a speculative and attenuated risk of increasing the measure of punishment does not create an *ex post facto* violation. *California Dep't of Corrections v. Morales*, 514 U.S. 499, 508-09 (1995); *Hallmark v. Johnson*, 118 F.3d 1073, 1078 (5th Cir. 1997). *See also Wallace v. Quarterman*, 516 F.3d 351, 355 (5th Cir. 2008) (holding that laws affecting a prisoner's eligibility for parole may have *ex post facto* implications, but laws affecting the discretionary determination of suitability for parole do not).

Parole records submitted by respondent reveal that petitioner was afforded parole review hearings in 2004 and 2007; parole was denied on both occasions. (Docket Entry No. 23, Parole Records Exhibit.) Petitioner's next review is set for November 2010. *Id.* The imposition of a three-year set off for petitioner's parole review hearings presents no *ex post facto* violation because its effect on increasing petitioner's punishment is merely conjectural.

7

*See Garner*, 529 U.S. at 253-56; *Morales*, 514 U.S. at 509; *see also Creel v. Kyle*, 42 F.3d 955, 957 (5th Cir. 1995). Under state law, the Board is vested with discretion as to how often to set petitioner's date for reconsideration, with five years as the maximum; the Board is also permitted to adjust subsequent review dates and conduct a special review if petitioner's status changes. TEX. GOV'T CODE § 508.141(g); 37 TEX. ADMIN. CODE §§ 145.2, 145.11, 145.77. Thus, the altered policy allowing for up to a five-year set off creates only the most speculative and attenuated risk of increasing the measure of petitioner's punishment. *See Pohl v. Livingston*, 241 Fed. App'x. 180 (5th Cir. 2007). No *ex post facto* violation is shown, and respondent is entitled to summary judgment dismissal of this issue.

## VI. Conclusion

The motion for summary judgment (Docket Entry No. 22) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Any and all other pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the ___ day of August, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE